RAFAEL NONES, Plaintiff and Appellee, *v.* LUIS C. TRIGO, Defendant and Appellant.

No. 7104. Argued April 14, 1936.—Decided July 31, 1936.

*J. M. Calderón, Jr.* for appellant.   *Adrián Agosto* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The plaintiff complained of the opening of windows in a wall of a house of his neighbor placed within two meters of the boundary line and looking directly on the property of the plaintiff.   This, he maintained, was contrary to the provisions of Section 518 of the Civil Code (1930 Ed.) as follows:

"Section 518.   Windows with direct views, or balconies or any similar openings projecting over the tenement of a neighbor shall not be made if there is not a distance of two meters between the wall in which they are built and the said property.

"Neither can side or oblique views be opened over the said property, unless there be a distance of sixty centimeters."

The defendant alleged that the windows had been hermetically closed up.   On hearing the evidence the court held that while the windows had been closed or attempted to be closed there was no permanent closure as the law requires and as we held in *Reyes* v. *Alvarez,* 39 P.R.R. 512, distinguishing other cases.

The appellant says:

"In our case the openings of the windows have been closed up with the windows themselves which have been hermetically nailed and screwed up with wiring which makes impossible their being opened, without their having any transparent quality and which makes impossible, according to the testimony in this case, the penetration of light and air and makes it impossible to see the adjacent lot.   We believe, that having hermetically closed up the openings in the wall of the building with the windows themselves, the law has been complied with for the present.   If in the course of time the windows are removed from the openings and are opened, thus permitting the passage of air and the penetration of light, making it possible to look into the adjacent lot, the right of the plaintiffs or their successors exists and as the Supreme Court has said, in the above cited case, they can enforce that right at any time."

He insists that he has done enough and that he is not bound to close the windows with cement. The plaintiff appellee maintained and there was evidence tending to show that the windows were closed from the inside, more or less as described by appellant, but that the fixtures or fastenings could be readily removed, opening up the window again.

We agree with the appellee that the windows should practically disappear as such or at least not be capable of being readily opened.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.